# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL WIMER,<br><br>                        Plaintiff,<br><br>  vs.<br><br><br>SAN DIEGO METROPOLITAN TRANSIT SYSTEM et al.,<br><br>                      Defendants. | CASE NO. 15cv413-LAB (KSC)<br><br>**ORDER GRANTING SAN DIEGO METROPOLITAN TRANSIT SYSTEM'S MOTION TO DISMISS WIMER'S SIXTH AND NINTH CAUSES OF ACTION AGAINST IT (DOCKET NO. 4) AND ALAMILLO'S MOTION TO DISMISS WIMER'S FIFTH, SIXTH, SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION AGAINST HER (DOCKET NO. 13)** |

      This case arises out of an alleged altercation between Juan A. Delgado, Patricia Alamillo, and Emmanuel Wimer. Wimer alleges that Delgado and Alamillo are transit officers with the San Diego Metropolitan Transit System (MTS) and Universal Protection Service G.P. (UPS), and that they were acting within the scope of their employment with MTS and UPS at the time of the incident. Wimer sued Delgado, Alamillo, MTS, UPS, and the City of San Diego. MTS has moved to dismiss Wimer's sixth and ninth causes of action under the California Government Claims Act (CGCA) for failure to file a government claim. (Docket no. 4.) Alamillo has moved to dismiss Wimer's fifth, sixth, seventh, eighth, and ninth causes of action for the same reason. (Docket no. 13.)

/ / /

I.   Discussion

   A.   Legal Standard

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court must accept all factual allegations as true and construe them in the light most favorable to Wimer. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat the motions to dismiss, Wimer's factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

   B.   CGCA Compliance

Under the CGCA, before suing a public entity or public employee for money or damages, a plaintiff must first file a claim with the public entity. *See State of CA v. Super. Ct. (Bodde)*, 32 Cal. 4th 1234, 1240–44 (2004); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Compliance with the CGCA is an element of a cause of action against a public entity or a public employee acting in the scope of employment. *Alcay v. City of Visalia*, 2013 WL 3244812, at *6 (E.D. Cal. June 26, 2013). A plaintiff's complaint "must allege facts demonstrating or excusing compliance with the claim presentation requirement." *Id.* at 1243. Wimer doesn't oppose MTS' motion. In his opposition to Alamillo's motion, Wimer contends that Alamillo isn't an MTS employee. But this contradicts his complaint, where he alleged that Alamillo was employed by both MTS and UPS. (Docket no. 1 at ¶ 9.) "[T]he Court's analysis focuses on the actual allegations of the . . . [c]omplaint." *In re Apple iPhone Antitrust Litig.*, 2013 WL 4425720, at *12 (N.D. Cal. Aug. 15, 2013). Thus, because the complaint doesn't allege CGCA compliance, the motions to dismiss (Docket nos. 4 and 13) are **GRANTED WITH LEAVE TO AMEND**.

/ / /
/ / /
/ / /
/ / /

If Wimer thinks he can successfully amend his complaint, he must seek leave by *ex parte* motion no later than January 11, 2016.  His proposed amended complaint must be attached as an exhibit to the motion.  If he files such a motion, MTS and Alamillo shall have until January 25, 2016 to oppose it.  No reply should be filed unless leave is obtained in advance.

**IT IS SO ORDERED**.

DATED: December 21, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge